UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NEURELIS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| ROBERT M. CALIFF, *et al.*, | ) ) | Case No. 24-cv-1576 (APM) |
| Defendants, | ) ) | |
| and | ) ) | |
| AQUESTIVE THERAPEUTICS, INC., | ) ) | |
| Intervenor-Defendant. | ) ) | |

**I.**

On February 14, 2025, the court issued a Memorandum Opinion holding that Defendant U.S. Food and Drug Administration ("FDA") had violated the Orphan Drug Act ("ODA") by approving Defendant Aquestive Therapeutics, Inc.'s drug product, Libervant, during the unexpired period of market exclusivity enjoyed by Plaintiff Neurelis, Inc.'s drug product, Valtoco. Mem. Op., ECF No. 80. Consistent with that decision, the court vacated the FDA's approval of Libervant. Order, ECF No. 81.

Four days later, Aquestive asked the court to stay its order pending appeal. Mem. of P&A in Supp. of Aquestive's Emergency Mot. for Stay Pending Appeal, ECF No. 84-1 [hereinafter Emergency Mot.]. Aquestive's stay request is not premised on the merits of the court's ruling. Instead, it maintains that the court's "remedial order is unsustainable" because, instead of vacatur,

the court should have remanded to the FDA without vacating Libervant's approval. *See id.* at 1. Such a "remand-without-vacatur" order, Aquestive argues, is the "proper remedy" because the FDA "alternatively could have approved Pediatric Libervant on the ground that Pediatric Libervant was 'clinically superior' to Valtoco on the date it was approved," and because vacatur would bring about "severe harms [for] hundreds of patients and caregivers who currently depend on Pediatric Libervant." *Id.* 1–2.

The FDA and Neurelis take slightly different tacks in response. The FDA takes no position on the requested stay but disagrees with Aquestive's assertion that remand without vacatur is an appropriate remedy. FDA's Resp. to Emergency Mot., ECF No. 87-1 [hereinafter FDA Resp.], at 1–2. FDA says that Aquestive never sought approval of Libervant "on the basis of clinical superiority prior to commencement of this lawsuit," so there is "nothing in the administrative record before this Court [that] provided an occasion for FDA to address that question." *Id.* at 2. For its part, Neurelis opposes the stay. Neurelis' Mem. of P&A in Opp'n to Emergency Mot., ECF No. 89-1. It contends that remand without vacatur is "not legally available" in the present circumstances where an "agency's decision rested on a fundamental misinterpretation of its statutory authority" and, in any event, "Aquestive's assertion of clinical superiority is baseless as a matter of law" and "nonsensical." *Id.* at 1.

Because the court agrees that there is no basis to remand without vacatur, Aquestive's motion is denied. The court, however, will stay its merits Order until March 28, 2025, to allow Aquestive to seek a stay from the D.C. Circuit on an expedited basis.

## II.

A stay pending appeal is "extraordinary relief" that courts do not grant lightly. *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018).

Such relief is an "intrusion into the ordinary processes of administration and judicial review," and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted).

A motion for stay is analyzed using the same four criteria as a motion for preliminary injunction. *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C. Cir. 1977). The moving party "must establish [1] that [it] is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (collecting cases); *accord Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam) (*citing Holiday Tours*, 559 F.2d at 843).

Courts in this Circuit traditionally have analyzed these four factors on a "sliding scale," whereby "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (citations omitted). The "sliding scale" framework allows a movant to remedy a lesser showing of likelihood of success on the merits with a strong showing as to the other three factors, provided that the issue on appeal presents a "serious legal question" on the merits. *See Holiday Tours*, 559 F.2d at 844.

Whether the sliding scale framework survives the Supreme Court's decision in *Winter* remains unresolved in this Circuit. *See Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 726 (D.C. Cir. 2022); *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014). Thus, "it remains an open question whether the 'likelihood of success' factor is an 'independent, free-standing requirement,' or whether, in cases where the three other factors strongly favor issuing an

3

injunction, a plaintiff need only raise a 'serious legal question' on the merits." *Aamer*, 742 F.3d at 1043 (quoting *Sherley*, 644 F.3d at 393, 398).

Still, this court remains bound by *Holiday Tours*' sliding scale. So, it may grant an injunction pending appeal if a "serious legal question is presented, . . . little if any harm will befall other interested persons or the public, and . . . denial of the order would inflict irreparable injury on the movant." *Holiday Tours*, 559 F.2d at 844.

### III.

The court begins and ends its analysis with the first element: likelihood of success. Aquestive seeks a stay on the ground that the court's remedial order was incorrect. The D.C. Circuit will review that decision for an abuse of discretion. *Cigar Ass'n of Am. v. FDA*, 126 F.4th 699, 706 (D.C. Cir. 2025). Thus, to warrant a stay, Aquestive must present, at least, a serious legal question as to whether the court abused its discretion in ordering the FDA to vacate its approval of Libervant. Aquestive fails to make that showing.

Remand without vacatur is an "exceptional remedy" available only in "limited circumstances," and "only if an agency's error is curable." *Id.* at 705 (internal quotation marks and citation omitted). The FDA's "error" here is in no sense "curable." The court held that the FDA did not have the statutory authority under the ODA to approve Libervant during Valtoco's period of unexpired exclusivity because Libervant's new drug application ("NDA") was for a different "use or indication." Mem. Op. at 14–16. The agency's approval of Libervant thus was *ultra vires*. *See Changji Esquel Textile*, 40 F.4th at 725 ("For an agency to act *ultra vires*, it must transgress 'clear and mandatory' limits that Congress has imposed on its authority.") (citation omitted). That is not an error that the FDA can fix on remand. *Cf. Marin Audubon Soc'y v. FAA*, 121 F.4th 902, 918 (D.C. Cir. 2024) (ordering vacatur where "the Agencies' actions were

4

*ultra vires*," "the Agencies [would] now need to take a completely different tack to complete their [ ] review," and they had failed to show "at least a serious possibility that they will be able to reach the same outcome on remand") (internal quotation marks and citation omitted).

Aquestive's theory for remand without vacatur finds no support in caselaw. Aquestive asks that the FDA be allowed to reach the same result—the approval of Libervant—but on an entirely different legal basis—that Libervant is "clinically superior" to Valtoco—which likely will require the agency to develop a significantly different factual record. It might even require the FDA to adopt a new evaluative framework. *See* Mem. Op. at 19 (discussing the "the 'quandary' of how to compare 'clinical superiority' as between two orphan drugs that are otherwise the same but indicated in use for different populations"). What Aquestive asks therefore is not remand to "cure" an erroneous agency action. It is a wholesale redo of the drug approval process. Aquestive identifies no case that permits such an expansive remit on remand.

Aquestive's cited authorities are inapposite. They all involve far narrower and less fundamental agency errors than the one that occurred here. *See* Emergency Mot. at 2–3 (citing *Am. Bankers Ass'n v. NCUA*, 934 F.3d 649, 671, 674 (D.C. Cir. 2019) (remand without vacatur appropriate where the agency erred by failing to consider a comment made in response to a proposed definitional change, the agency "offer[ed] a buffet of other potential rationales" to defend the change, and the court concluded that the agency "might be able to offer a satisfactory explanation on remand"); *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1052 (D.C. Cir.) (remand without vacatur appropriate where the agency failed to address a previously taken contrary position that "appear[ed] to have stemmed from an error of law and not necessarily the inability to do so"), *opinion modified on reh'g*, 293 F.3d 537 (D.C. Cir. 2002); *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993) ("An inadequately

supported rule … need not necessarily be vacated"; remand without vacatur deemed appropriate where there was "at least a serious possibility that the Commission will be able to substantiate its decision on remand")).

Remand without vacatur runs into another problem in this case: the FDA says that Aquestive never sought approval of Libervant based on its "clinical superiority" over Valtoco before filing suit. FDA Resp. at 1–2. Aquestive disputes this contention. *See* Aquestive's Reply in Supp. of Emergency Mot., ECF No. 91-1, at 1–2. But the court need not resolve that debate.[1] At this juncture it is sufficient to say that, even if the court could remand this matter, the FDA has signaled that it will not make a "clinical superiority" determination for procedural reasons, which would leave the parties in the exact same position they are in today. This fact alone diminishes "how likely it is the agency will be able to justify its decision on remand." *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 197 (D.C. Cir. 2009) (cleaned up).

Aquestive emphasizes the disruption that will be caused by vacating Libervant's approval, both in terms of the adverse effects on the company and to pediatric patients who use its orphan drug. Emergency Mot. at 8–11. The court is not unsympathetic to those concerns. But disruptive consequences matter "only insofar as the agency may be able to rehabilitate its rationale." *Comcast Corp. v. FCC*, 579 F.3d 1, 9 (D.C. Cir. 2009) (citation omitted). Here, the FDA exceeded its statutory authority when it approved Libervant during Valtoco's unexpired period of marketing exclusivity. That error cannot be rehabilitated on remand.

---

[1] That said, the court observes that Aquestive's position appears to rest on portions of its NDA that do not *expressly* seek approval based on "clinical superiority" to Valtoco. Aquestive Reply at 1–2. Aquestive argues that the ODA "***impose[s] no procedural requirements***, for instance by requiring the sponsor to utter certain magic words, 'request' a clinical superiority determination in some particular form . . . , and/or do so by some particular point in time . . . " *Id.* at 4 (emphasis in original). Aquestive thus appears to concede that its NDA only *implicitly* sought approval based on "clinical superiority."

6

## IV.

For the foregoing reasons, Aquestive's Emergency Motion to Stay Pending Appeal, ECF No. 83, is denied. The court, however, will stay its Order, ECF No. 81, until March 28, 2025, to permit Aquestive to seek expedited review from the D.C. Circuit. If the D.C. Circuit refuses to expedite review or establishes a briefing schedule that makes it unlikely that it will rule by March 28, 2025, the parties shall so notify the court so that it can determine appropriate next steps.

Dated: March 19, 2025

Amit P. Mehta
United States District Court Judge